## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK DOBRONSKI,

      Plaintiff

      v.

EVERQUOTE, INC., STATE FARM
MUTUAL AUTOMOBILE INSURANCE
CO., CHURCH INSURANCE, INC.,
BRIAN WEST INS AGENCY, INC.,
SURETY AUTO GROUP, LLC, d/b/a
RAINBOW INSURANCE, PHILIP
BARRETO, MICHAEL DAVID
CHURCH, VIVIANNA MARIE
MOBLEY, ZANDER LUCAS
SHANAFELT, AND BRIAN JAMES
WEST

      Defendants.

No. 2:2026-cv-10916

Hon. Susan K. DeClercq
Hon. Kimberly G. Altman

## MOTION BY STATE FARM DEFENDANTS
## TO DISMISS FIRST AMENDED COMPLAINT

Defendants State Farm Mutual Automobile Insurance Company ("State Farm"), Church Insurance Agency, Inc. ("Church Insurance Agency"), Michael David Church ("Church"), Vivianna Marie Mobley ("Mobley"), Brian West Ins. Agency, Inc. ("West Insurance Agency"), Brian James West ("West"), and Zander Lucas Shanafelt ("Shanafelt"), hereinafter referred to collectively as "the State Farm Defendants," hereby move pursuant to Federal Rule of Civil Procedure 12 to dismiss Plaintiff's First Amended Complaint ("FAC") in its entirety.

In accordance with Local Rule 7.1(a), on May 27, 2026, counsel for the State Farm Defendants explained that the State Farm Defendants intended to file a Motion to Dismiss on June 1, 2026 and provided an outline of the issues presented in the Motion but State Farm did not obtain concurrence with Plaintiff.

WHEREFORE, the State Farm Defendants request that this Court grant their Motion and enter an Order dismissing all claims against them.

Respectfully submitted,

/s/ *Ariel Wilson*
Ariel Wilson (P84528)
RILEY SAFER HOLMES & CANCILA LLP
2723 South State Street, Suite 150
Ann Arbor, Michigan 48104
Office: 734.773.4900
awilson@rshc-law.com

James Gaughan
Jason Andrew Julien
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
Office: 312.471.8700
jgaughan@rshc-law.com
jjulien@rshc-law.com

*Attorneys for Defendants State Farm Mutual Automobile Insurance Company, Church Insurance Agency, Inc., Brian West Ins Agency, Inc., Michael David Church, Vivianna Marie Mobley, Zander Lucas Shanafelt, and Brian James West*

Dated: June 1, 2026

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK DOBRONSKI,

       Plaintiff

      v.

EVERQUOTE, INC., STATE FARM
MUTUAL AUTOMOBILE INSURANCE
CO., CHURCH INSURANCE AGENCY,
INC., BRIAN WEST INS AGENCY,
INC., SURETY AUTO GROUP, LLC,
d/b/a RAINBOW INSURANCE, PHILIP
BARRETO, MICHAEL DAVID
CHURCH, VIVIANNA MARIE
MOBLEY, ZANDER LUCAS
SHANAFELT, AND BRIAN JAMES
WEST

      Defendants.

No. 2:2026-cv-10916

Hon. Susan K. DeClercq
Hon. Kimberly G. Altman

## BRIEF IN SUPPORT OF MOTION BY STATE FARM DEFENDANTS TO DISMISS FIRST AMENDED COMPLAINT

Ariel Wilson (P84528)
RILEY SAFER HOLMES & CANCILA LLP
2723 South State Street, Suite 150
Ann Arbor, Michigan 48104
Office: 734.773.4900
awilson@rshc-law.com

James Gaughan
Jason Andrew Julien
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200

Chicago, Illinois 60603
Office: 312.471.8700
jgaughan@rshc-law.com
jjulien@rshc-law.com

*Attorneys for Defendants State Farm Mutual Automobile Insurance Company, Church Insurance Agency, Inc., Brian West Ins Agency, Inc., Michael David Church, Vivianna Marie Mobley, Zander Lucas Shanafelt, and Brian James West*

Dated: June 1, 2026

## STATEMENT OF ISSUES PRESENTED

1.  Whether Plaintiff's claims should be dismissed for lack of standing because: (a) Plaintiff did not sustain any cognizable injury with respect to calls that he admits that he invited (Calls 2-23); and (b) for Calls 1-9, 11-23, and 25-29, Plaintiff has not shown that any injury he sustained was fairly traceable to the State Farm Defendants.

2.  Whether the claims against the State Farm Defendants located in Florida (West Insurance Agency, West, and Shanafelt) should be dismissed for lack of personal jurisdiction.

3.  Whether the action should be dismissed pursuant to Rule 12(b)(6) because the First Amended Complaint improperly groups the Defendants together, failing to provide them with adequate notice of the factual and legal basis for the claims against them.

4.  Whether Plaintiff's claim should be dismissed pursuant to Rule 12(b)(6), including because: (a) the TCPA does not impose liability for calls Plaintiff admits that he invited; (b) Plaintiff has failed to allege facts stating a plausible claim that the State Farm Defendants may be held directly or vicariously liable for alleged calls by others; (c) the claims based upon alleged violations of 47 C.F.R. § 64.1200(d) are legally flawed and factually unsupported; (d) there is no private right of action for an alleged violation of 47 C.F.R. § 64.1601(e) and, in any event, that

claim is refuted by Plaintiff's own allegations; and (e) Plaintiff's state law claims are subject to dismissal for many of the same reasons as his TCPA claims.

5. Whether the Court should reject Plaintiff's assertion that each call can support up to thirteen separate damages recoveries because an unlawful call can only support a damages recovery under, at most, two provisions of the TCPA.

# TABLE OF CONTENTS

Page

INTRODUCTION ....................................................................................................1

BACKGROUND ......................................................................................................2

I.       Plaintiff's Allegations.................................................................................2

         A.       Calls 1-23. .......................................................................................3

         B.       Call 24 .............................................................................................6

         C.       Calls 25-29. .....................................................................................7

ARGUMENT ...........................................................................................................8

I.       Plaintiff's Claims Against the State Farm Defendants Should Be
         Dismissed Pursuant to Rule 12(b)(1) For Lack of Standing. .........................8

II.      Plaintiff's Claims Against the State Farm Defendants Located in Florida
         Should Be Dismissed Pursuant to Rule 12(b)(2) For Lack of Personal
         Jurisdiction....................................................................................................11

III.     The Action Should Be Dismissed Pursuant to Rule 12(b)(6). .....................13

         A.       Plaintiff Relies upon Improper Group Pleading. ...............................13

         B.       Plaintiff Fails to State a Claim for Relief with Respect to the Calls
                  He Invited. .......................................................................................15

         C.       Plaintiff Fails to Allege any Plausible Basis for Holding the State
                  Farm Defendants Directly or Vicariously Liable for the Calls..........16

         D.       Count V Fails to State a Claim for Relief Against the State Farm
                  Defendants.......................................................................................20

         E.       Counts VI-IX Fail to State a Claim for Relief Against the State
                  Farm Defendants. .............................................................................21

         F.       Count X Should Be Dismissed Because There Is No Private Right
                  of Action for Alleged Violations of 47 C.F.R. § 64.1601(e) and
                  Because Plaintiff's Own Allegations Refute the Claim......................23

G.      Plaintiff's State Law Claims Fail. ........................................................24

H.      Plaintiff's Damages Request Is Improper. ...........................................25

CONCLUSION...............................................................................................25

ii

# TABLE OF AUTHORITIES

Page

**CASES**

*16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*,
727 F.3d 502 (6th Cir. 2013) ...............................................................................11

*Anderson v. Int'l Union, United Plant Guard Workers of Am.*,
370 F.3d 542 (6th Cir. 2004) ...............................................................................18

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009)..........................................................................................13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................13

*Brown v. DirecTV, LLC*,
562 F. Supp. 3d 590 (C.D. Cal. 2021) .................................................................17

*Changizi v. Dep't of Health & Hum. Servs.*,
82 F.4th 492 (6th Cir. 2023) ..................................................................................9

*Chapman v. Tristar Prods., Inc.*,
940 F.3d 299 (6th Cir. 2019) .................................................................................8

*Charvat v. GVN Michigan, Inc.*,
561 F.3d 623 (6th Cir. 2009) ...............................................................................21

*Charvat v. NMP, LLC*,
656 F.3d 440 (6th Cir. 2011) ...............................................................................25

*Chasse v. M.S. Invs. Mortg. Co.*,
No. 23-CV-1192, 2023 WL 8259258 (M.D. Pa. Nov. 29, 2023) ...........................12

*Cordoba v. DIRECTV, LLC*,
942 F.3d 1259 (11th Cir. 2019) ...........................................................................21

*Cordova v. State Farm Ins. Cos.*,
124 F.3d 1145 (9th Cir. 1997) ...............................................................................6

*Coyne v. Am. Tobacco Co.*,
183 F.3d 488 (6th Cir. 1999) .................................................................................9

*Cunningham v. Kondaur Cap.*,
No. 3:14-1574, 2014 WL 8335868 (M.D. Tenn. Nov. 19, 2014)....................16, 17

iii

*Dobronski v. Tobias & Assocs.*,
   No. 23-10331, 2023 WL 7005844 (E.D. Mich. Sept. 25, 2023)...............................................14

*Kern v. VIP Travel Servs.*,
   No. 1:16-CV-8, 2017 WL 1905868 (W.D. Mich. May 10, 2017)...........................................23

**STATUTES**

47 U.S.C. § 227..................................................................................................................2, 8, 18, 23

47 U.S.C. § 227(a)(4).....................................................................................................................16

47 U.S.C. § 227(c)(5).....................................................................................................................20

Florida Telephone Solicitation Act, Fla. Stat. § 501.059......................................................7, 8, 24

Michigan Consumer Protection Act, Mich. Comp. Laws Ann. 445. 901...................................8, 24

Michigan Home Solicitation Sales Act, Mich. Comp. Laws Ann. § 445.111(m) ..........................24

**RULES**

Fed. R. Civ. P. 8.............................................................................................................................13

Fed. R. Civ. P. 12(b)(1)................................................................................................................8, 9

Fed. R. Civ. P. 12(b)(6)..................................................................................................................13

**OTHER AUTHORITIES**

47 C.F.R. § 64.1200(d) ..................................................................................................................21

47 C.F.R. § 64.1200(f)(14)(ii) .......................................................................................................16

47 C.F.R. § 64.1601(e)...................................................................................................................23

*Restatement (Third) of Agency* § 2.01 (2006)..............................................................................18

*Restatement (Third) of Agency* § 2.03 (2006)..............................................................................18

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

*Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009)

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)

*Chapman v. Tristar Prods., Inc.*, 940 F.3d 299 (6th Cir. 2019).

*Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011)

*Chasse v. M.S. Invs. Mortg. Co.*, No. 23-CV-1192, 2023 WL 8259258 (M.D. Pa. Nov. 29, 2023)

*Dobronski v. Anthony J. Russo, Jr., PA*, No. 2:23-CV-12288, 2024 WL 4363118 (E.D. Mich. Sept. 30, 2024).

*Dobronski v. Family First Life, LLC*, No. 2:22-CV-12039, 2024 WL 575858 (E.D. Mich. Jan. 19, 2024), *report and recommendation adopted in part,* 2024 WL 1342668 (Mar. 29, 2024)

*Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265 (E.D. Mich. Sept. 17, 2025)

*Dobronski v. Selectquote Ins. Servs.*, 773 F. Supp. 3d 373 (E.D. Mich. 2025)

*Dobronski v. Tobias & Assocs.*, No. 5:23-CV-10331, 2023 WL 7005844 (E.D. Mich. Sept. 25, 2023) *report and recommendation adopted in part*, 2024 WL 1174553 (Mar. 18, 2024)

*Dobronski v. Tobias & Assocs., Inc.*, No. 23-10331, 2024 WL 1174553 (E.D. Mich. Mar. 18, 2024)

*Dobronski v. Total Ins. Brokers, LLC*, No. 21-10035, 2021 WL 4452218 (E.D. Mich. Sept. 29, 2021)

*Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365 (6th Cir. 2015)

*Miami Dolphins, Ltd. v. Engwiller*, 410 So. 3d 685 (Fla. Dist. Ct. App. 2025)

## INTRODUCTION

In this action, Plaintiff alleges that he is entitled to $275,250 because of 29 telephone calls he received. But Plaintiff's own allegations indicate that most of those calls were *invited by Plaintiff*. As this Court has recognized, Plaintiff is not entitled to recover for calls that he invites.

Moreover, missing from the Complaint is any valid basis upon which to hold the State Farm Defendants liable for any of the alleged calls. All told, the State Farm Defendants are alleged to have called Plaintiff on only one occasion—and that was a call-back invited by Plaintiff because of a poor connection. Plaintiff also fails to allege any valid basis for holding the State Farm Defendants liable for the two calls that were transferred to them: the February 10, 2026 call that the alleged scammers transferred to EverQuote, which in turn transferred the call to the Church Insurance Agency; or the March 10, 2026, call that EverQuote transferred to the West Insurance Agency. No facts are alleged suggesting that the State Farm Defendants somehow vested the callers with authority to contact Plaintiff on their behalf. Furthermore, there is no factual basis whatsoever for claims against the individual defendants (Church, Mobley, West, and Shanafelt) that Plaintiff has improperly included as defendants.

1

Plaintiff attempts to mask his claims' fatal flaws by lumping the Defendants together. However, as this Court has held, that tactic is improper.[1]

Plaintiff's claims against the State Farm Defendants suffer from numerous additional flaws warranting their dismissal, as set forth below. Accordingly, the State Farm Defendants respectfully request that Plaintiff's claims against them be dismissed with prejudice.

## BACKGROUND

### I.    Plaintiff's Allegations

Plaintiff instituted this action on March 19, 2026.  ECF 1. On May 14, 2026, the State Farm Defendants and Defendant EverQuote moved to dismiss Plaintiff's claims. ECF 28, 29.[2] The State Farm Defendants' motion to dismiss raised the same arguments that are the basis for the instant motion. ECF 28. Rather than oppose the motions to dismiss, on May 18, 2026, Plaintiff filed his FAC. ECF 32. With the FAC, Plaintiff did not substantially alter his claims or significantly supplement his factual allegations.

The FAC alleges that Plaintiff has a residence in Washtenaw County, Michigan, and that he received a number of telephone calls while located at that

---

[1] *See Dobronski v. Anthony J. Russo, Jr., PA*, No. 2:23-CV-12288, 2024 WL 4363118 (E.D. Mich. Sept. 30, 2024).

[2] Defendants Surety Auto Group LLC ("SAG") and Barreto have not appeared in this action.

residence. ECF 32 PageID.2, 8-9 (FAC ¶¶ 2, 31). According to the FAC, Plaintiff received these calls on three different phone lines: "407-***-**56 ('56 Number'), 734-***-**21 ('21 Number') and 734-***-**00 ('00 Number')." *Id.* PageID.7 (¶ 25). Plaintiff alleges that the 56 and 00 numbers are registered with the National Do-Not-Call ("DNC") Registry. *Id.* PageID.8 (¶¶ 27-28).

The alleged calls can be divided into three groups: (1) Calls 1-23, all occurring on February 10, 2026, stemming from an initial alleged scam call from "Sheldon"; (2) Call 24, on March 10, 2026, from EverQuote, which is the first call to Plaintiff's Florida telephone number, and allegedly was transferred to the West Insurance Agency; and (3) Calls 25-29, on March 10, 2026, from EverQuote or SAG.

### A.    Calls 1-23.

Plaintiff alleges that on February 10, 2026, he received on his 00 Number a call from someone who identified himself as "Sheldon from the United States Subsidy Benefits Department." *Id.* PageID.23 (¶¶ 93-95). According to the FAC, Sheldon was engaged in a scam, offering a purported benefits check for $2,500. *Id.* PageID.23-24 (¶¶ 96-97). Plaintiff alleges that "in order to attempt to better identify the caller, Plaintiff provided controlled false information to Sheldon, including a faux name of Kenneth Weaver." *Id.* PageID.24 (¶ 97).

The FAC alleges that Calls 2-23 were all on the same day as Call 1, and the facts alleged in the FAC indicate they all related to the initial call Plaintiff alleges

he received that day.  Plaintiff does not allege that at any point during Calls 1-23 he asked the callers to stop contacting him.

Alleged Calls 2-4 were callbacks from Sheldon after Plaintiff feigned interest during Call 1. *Id.* PageID.24-27 (¶¶ 101-18). During Call 4, Sheldon transferred Plaintiff to Marshall, and, upon Marshall's request for an alternate phone number, Plaintiff provided his 21 Number. *Id.* PageID.25-27 (¶¶ 107-118). Marshall allegedly indicated that he would be transferring Plaintiff to the "auto insurance department." *Id.* PageID.26 (¶ 111). Marshall then told Plaintiff the questions he would be asked upon transfer and coached him as to how to answer them. *Id.* (¶¶ 113-14.) In Call 4 (and in subsequent calls), Marshall told Plaintiff *he should lie* to the person receiving the call transfer and "not to tell [them] that he had been transferred to them or that Plaintiff had been offered any money, but that Plaintiff had seen an ad on Google and was responding to that ad." *Id.* PageID.26 (¶ 114).

Calls 5-8 were follow-up calls from Marshall. *Id.* PageID.27-31 (¶¶ 119-38). During Call 8, Marshall allegedly transferred Plaintiff to a recipient (later identified as EverQuote) that had a recorded message: ""Thank you, this call is going to be transferred to one of our trusted insurance partners.... I found a match. This call is going to be transferred to a top insurance partner." *Id.* PageID.31 (¶ 137). According to the FAC, EverQuote sells insurance leads but does not allege that EverQuote exclusively sells leads to State Farm Agents. *Id.* PageID.21 (¶ 85).

4

The FAC alleges that, upon the second transfer of Call 8, a line rang and an individual answered, identifying himself as "Zander from State Farm." *Id.* PageID.31 (¶¶ 136-38). Plaintiff alleges that there was static on the line, so Zander—Defendant Zander Shanafelt, an employee of the Church Insurance Agency—requested Plaintiff's phone number. Plaintiff provided his 21 Number and Shanafelt called him back (Call 10). *Id.* PageID.31-33 (¶¶ 138, 142-50). In the interim, Plaintiff allegedly received another call (Call 9) from the same Caller ID as prior calls from Sheldon/Marshall, which call terminated without Plaintiff answering it. *Id.* PageID.31-32 (¶¶ 139-41).

Plaintiff alleges Call 10 was the return call from Shanafelt, with the Caller ID displaying "STATE FARM" and a 517 area code. *Id.* PageID.32 (¶ 143). This is the only alleged call from any of the State Farm Defendants. According to the FAC, during Call 10 with Shanafelt, "Plaintiff provided a false name of Charles Livernois and other controlled identifying information." *Id.* (¶ 146). During Call 10, Plaintiff allegedly asked Shanafelt about the promise of $5,000 made by the alleged scammers in the earlier calls, and Shanafelt knew nothing about that. *Id.* PageID.32-33 (¶ 147). Shanafelt allegedly told Plaintiff that the transfer of the call with Plaintiff on the line came from EverQuote. *Id.* (¶ 145-48). Plaintiff apparently provided Shanafelt with information necessary to provide an insurance quote—because Plaintiff alleges that after the call concluded, he "received an email from State Farm,

5

identifying Michael Church as the agent, with a quote for auto insurance." *Id.* PageID.33 (¶ 150). The Church Agency is an independent contractor State Farm insurance agent with offices in East Lansing, MI. *Id.* PageID.3 (¶ 5).[3]

Plaintiff alleges he received Calls 11-17 over the span of seven minutes while he was engaged with Call 10. *Id.* PageID.33-34 (¶ 151-52). Plaintiff alleges he did not answer these calls. *Id.* The Caller ID for some of these calls matches the Caller ID from the earlier calls from Sheldon/Marshall. The other calls in the group allegedly had the Caller ID number 308-300-9897. *Id.* Call 18 allegedly had that same Caller ID number, and Plaintiff alleges this was another call from Marshall. *Id.* PageID.34 (¶ 154-55).

Calls 19-23 were all from Caller IDs associated with Marshall. *Id.* PageID.35-37 (¶¶ 157-72).  In some of these calls, Plaintiff allegedly spoke with Marshall, while in others Marshall allegedly transferred Plaintiff to speak with someone who identified himself as "Agent Carter with the SSDI Department." *Id*.

### B.     Call 24

Plaintiff alleges that on March 10, 2026—*i.e.,* one month after Calls 1-23—he received Call 24 on his 56 Number, which has a Florida area code. *Id.* PageID.7

---

[3] "[State Farm] Agents are self-employed independent contractors who own, and develop equity in, their own businesses." *Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1147 n.1 (9th Cir. 1997).

(¶ 25) 37 (¶ 173). This is the first alleged call to the 56 Number. According to the FAC, Call #24 was initiated by EverQuote, which then transferred Plaintiff to the West Insurance Agency, an independent contractor State Farm insurance agent located in Florida. *Id.* PageID.3 (¶ 6), 37-38 (¶¶ 175-76). Plaintiff alleges that Brittney from the West Insurance Agency transferred him to Defendant Vivianna Mobley. *Id.* PageID.38 (¶ 177). According to the FAC, "Viviana stated that Plaintiff put in a written request for an insurance quote, stated that Plaintiff's telephone number was attached to a different name, and claimed BWIA was calling in response to the supposed request." *Id.* (¶ 179). Plaintiff alleges that he did not fill out any form requesting a quote. *Id.* Plaintiff alleges that Mobley indicated that the call was transferred to her by EverQuote, and Plaintiff informed Mobley he "intended to bring a lawsuit under the TCPA and the FTSA." *Id.* PageID.38-39 (¶ 180).

### C. Calls 25-29.

Plaintiff alleges that he received Calls 25-29 on March 10, 2026. *Id.* PageID.39-43 (¶¶ 186-209). He alleges that these calls were placed by EverQuote or SAG. *Id.* According to the FAC, SAG "is an independent insurance brokerage which sells automobile, health, and life insurance products." *Id.* PageID.20 (¶ 78). There is no allegation that the State Farm Defendants were mentioned in any of these calls. Nor is there any allegation that the parties who placed Calls 25-29 were privy to information Plaintiff provided during prior calls with the State Farm Defendants.

Aside from the allegedly unlawful calls, Plaintiff alleges that he made "Confrontation Calls" to SGA, the Church Insurance Agency, and the West Insurance Agency. *Id.* PageID.43-47 (¶¶ 210-29).  According to Plaintiff, during such calls, personnel from those entities indicated that they purchased leads from EverQuote. *Id.*

Based upon the foregoing, the FAC contains 13 putative claims for relief, asserting violations of various provisions of the TCPA and related regulations (Counts I-X), as well as violations of  Michigan Home Solicitation Sales Act ("MHSSA") (Count XI), the Florida Telephone Solicitation Act ("FTSA") (Count XII), and the Michigan Consumer Protection Act ("MCPA") (Count XIII). *Id*. PageID.47-57. Plaintiff contends he is entitled to statutory damages many times over for each alleged unlawful call.  All told, Plaintiff asserts he is entitled to $275,250 in damages for the 29 calls. *Id.* PageID.59.

## ARGUMENT

### I.   Plaintiff's Claims Against the State Farm Defendants Should Be Dismissed Pursuant to Rule 12(b)(1) For Lack of Standing.

"The judicial power is particularly limited to cases and controversies before the Supreme Court and such inferior courts as Congress may create. U.S. Const. art. III, §§ 1–2." *Chapman v. Tristar Prods., Inc.*, 940 F.3d 299, 303 (6th Cir. 2019). "This jurisdictional limitation requires, among other things, that a party wishing to litigate a dispute before a federal court demonstrate standing." *Id.*  In order to

establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). These requirements apply with equal force to Plaintiff's state law claims because "standing is a matter of federal law, not state . . . law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 495 (6th Cir. 1999).

"Whether a party has standing is an issue of the court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). As the party invoking federal jurisdiction, a plaintiff bears the burden of establishing the 'irreducible constitutional minimum' of standing". *Changizi v. Dep't of Health & Hum. Servs.,* 82 F.4th 492, 496 (6th Cir. 2023).

This Court has recognized that Plaintiff cannot claim any cognizable injury, and thus lacks standing, with respect to telephone calls that he invited. *See Dobronski v. Anthony J. Russo, Jr., PA*, No. 2:23-CV-12288, 2024 WL 4363118, at *2 (E.D. Mich. Sept. 30, 2024). In *Dobronski v. Family First Life, LLC*, No. 2:22-CV-12039, 2024 WL 575858, at *9 (E.D. Mich. Jan. 19, 2024), *report and recommendation adopted in part,* 2024 WL 1342668 (Mar. 29, 2024), Magistrate Judge Altman concluded that many of the alleged unlawful calls to Plaintiff "were follow-ups resulting from Dobronski's feigned interest in the insurance products being sold . . . ." Thus, according to the Court, "[a]s to these calls, Dobronski's

9

implied consent renders him without standing to pursue claims." *Id.* Plaintiff did not object to that aspect of Magistrate Altman's report and recommendation. 2024 WL 1342668, at *4.

As in *Family First,* Plaintiff's allegations demonstrate that Calls 2-23 all resulted from Plaintiff feigning interest in receiving telephone calls. Accordingly, because Plaintiff invited the calls about which he now complains, he did not sustain any cognizable injury with respect to those calls.

In addition, Plaintiff's allegations do not state a plausible claim that the calls from the alleged scammers (Calls 1-9, 11-23) or that Calls 25-29 from EverQuote or SAG, are fairly traceable to the State Farm Defendants. There is no allegation that the alleged scammers ever mentioned the State Farm Defendants, and there are no allegations plausibly claiming that the State Farm Defendants were somehow working with the alleged scammers or even knew their identities. To the contrary, the alleged scammers used an intermediary (EverQuote) to transfer Call 8 to the Church Insurance Agency.  Indeed, according to the FAC, the alleged scammers told Plaintiff to *lie* to the transferred party about the source of the call. As for Calls 25-29, there is no allegation that the State Farm Defendants were involved in making those calls, or that the State Farm Defendants were mentioned during those calls, or that the callers were privy to information Plaintiff provided during earlier calls with the State Farm Defendants. Accordingly, Plaintiff has failed to plausibly allege that

he has standing to pursue claims against the State Farm Defendants in connection with Calls 1-9, 11-23 and 25-29.

There are also no allegations supporting a plausible claim that any injury sustained by Plaintiff is fairly traceable to any of the State Farm individual defendants (Church, Mobley, West, and Shanafelt). For example, the FAC says only that Defendants Shanafelt and Mobley answered calls transferred to them and, in the case of Shanafelt, he called Plaintiff back with Plaintiff's permission. Moreover, it appears Plaintiff sued West and Church solely based on their ownership of the West Insurance Agency and the Church Insurance Agency. ECF 32 PageID.18 (¶¶ 69, 70). The FAC contains no facts indicating those Defendants played any role in the calls to Plaintiff. Rather, Plaintiff makes only a conclusory allegation "[u]pon information and belief," that those Defendants participated in or controlled the marketing activity of EverQuote. ECF 32 PageID.19 (¶ 77). That is insufficient.  *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013).

## II.      Plaintiff's Claims Against the State Farm Defendants Located in Florida Should Be Dismissed Pursuant to Rule 12(b)(2) For Lack of Personal Jurisdiction.

Plaintiff does not assert that the Court possesses general jurisdiction over the State Farm Defendants located in Florida (the West Insurance Agency, West, and Mobley). Rather, the FAC alleges specific jurisdiction over those Defendants. ECF 32 PageID.5 (¶¶ 14, 16). Plaintiff's assertion of jurisdiction fails because "[a]s

numerous other federal courts in this circuit and elsewhere have held, where a defendant's only relevant contact with the forum is placing a telemarking phone call to an individual within the forum state, but the call was placed to a number bearing an area code of a different state, there is no basis for finding that the defendant purposefully directed activities at the forum." *Chasse v. M.S. Invs. Mortg. Co.*, No. 23-CV-1192, 2023 WL 8259258, at *2 (M.D. Pa. Nov. 29, 2023) (citing cases); *see also Kern v. VIP Travel Servs.*, No. 1:16-CV-8, 2017 WL 1905868, at *5 (W.D. Mich. May 10, 2017) ("Plaintiffs' telephone numbers have New York area codes. They are not Michigan phone numbers. There is no indication that USA purposefully directed any of its calls to Michigan. Thus, Plaintiffs have not satisfied their burden of establishing that the Court has personal jurisdiction . . . .").

As in the above-cited cases, there are no allegations indicating that the State Farm Defendants in Florida purposefully directed their activities towards Michigan. To the contrary, the FAC alleges that the March 10 calls "were directed to Plaintiff's Florida-area-code number as part of a Florida-connected telephonic sales campaign." ECF 32 PageID.39 (¶ 182).[4] Accordingly, the claims against the West

---

[4] For Defendant West, other than the entirely speculative allegation based upon "information and belief" (*id.* PageID.19 (¶ 77)) there is no allegation that he did *anything whatsoever* in relation to the alleged calls to Plaintiff. *See Visser v. Caribbean Cruise Line, Inc.*, No. 1:13-CV-1029, 2020 WL 415847, at *5 (W.D. Mich. Jan. 27, 2020) (holding defendant's alleged ownership interest in entity was

12

Insurance Agency, West, and Mobley should be dismissed for lack of personal jurisdiction.

### III.  The Action Should Be Dismissed Pursuant to Rule 12(b)(6).

A complaint must (1) describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggest that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to show "that the pleader is entitled to relief," as required by Federal Rule 8, and it should be dismissed. *Iqbal*, 556 U.S. at 679 (internal quotations omitted). For multiple reasons, Plaintiff's claims against the State Farm Defendants should be dismissed.

### A.  Plaintiff Relies upon Improper Group Pleading.

In *Dobronski v. Anthony J. Russo, Jr., PA*, No. 2:23-CV-12288, 2024 WL 4363118, at *5 (E.D. Mich. Sept. 30, 2024), the Court dismissed Plaintiff's complaint on the grounds that it "improperly groups Defendants together." In that matter, Plaintiff sued four law firms, a number of other entities, and five individuals,

---

insufficient basis for exercise of personal jurisdiction).  The claims against West should be dismissed for this reason as well.

alleging that he received 18 unlawful phone calls initiated by "Defendants or Defendants' agent." The Court noted that the alleged involvement of the defendants in the calls "vastly differs . . . and not every call necessarily involves every defendant," and that some of the complaint's allegations suggested Plaintiff "may be asserting concerted-action or partnership liability." *Id.* The Court concluded that because "the complaint fails to connect specific facts or specific defendants to any of these theories of liability, it fails to give Defendants adequate notice of the grounds upon which Dobronski's claims rest." *Id.*; *see also Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *8 (E.D. Mich. Sept. 17, 2025) (rejecting objections to Magistrate Judge's ruling that Plaintiff's claims were improperly pleaded as a group); *Dobronski v. Tobias & Assocs.*, No. 5:23-CV-10331, 2023 WL 7005844, at *6 (E.D. Mich. Sept. 25, 2023) ("Plaintiff's allegations improperly group the Defendants together[,] failing to provide Defendants with proper notice of the basis of the individual claims against each Defendant."), *report and recommendation adopted in part*, 2024 WL 1174553 (Mar. 18, 2024).

Here, despite having been criticized for the tactic in those prior decisions, and despite having amended after the State Farm Defendants raised this issue in their original motion to dismiss, Plaintiff continues to improperly group the Defendants together. He repeatedly alleges, for example, that calls were initiated by "Defendant

14

EverQuote or its agent," and makes little distinction among the Defendants. ECF 32 PageID.24-40. Moreover, as in *Anthony J. Russo, Jr., PA*, Plaintiff fails to specify the legal basis for each Defendant's alleged liability. The FAC alleges that parties may be held liable when they commit tortious acts "in concert" (*id.* PageID.15 (¶ 51)), and the FAC provides a laundry list of potential bases for liability, such as vicarious liability, concerted action and ratification. *Id.* PageID.46-47 (¶ 229)). However, Plaintiff fails to identify for each Defendant the claimed basis for liability for each alleged unlawful call, leaving the State Farm Defendants to guess as to the basis for Plaintiff's claims against them.

Moreover, Plaintiff asserts all his claims for relief against *all the Defendants*, despite the fact that, for some claims, there is no asserted (much less plausibly asserted) basis for liability against certain Defendants (*e.g.*, no facts are alleged supporting the supposed liability of the Florida State Farm Defendants for the Michigan calls Plaintiff allegedly received). Accordingly, this action should be dismissed with prejudice.

**B.    Plaintiff Fails to State a Claim for Relief with Respect to the Calls He Invited.**

The fact that Plaintiff invited Calls 2-23 means not only that he cannot identify any cognizable injury for such calls, *supra*, but also that he fails to state a claim for relief as to those calls. In *Dobronski v. Fam. First Life, LLC*, 2024 WL 575858, at *9, Magistrate Judge Altman noted that "a 'telephone solicitation' does not include

a call 'to any person with whom the caller has an established business relationship.' 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(14)(ii)." Moreover, "[c]ourts have found that an established business relationship exists where a call recipient feigns interest in a product in order to identify a caller." *Id.* (citing cases); *see also Dobronski v. Fam. First Life, LLC*, 2024 WL 1342668, at *14 (in affirming the relevant portion of Magistrate Judge Altman's ruling, concluding that "[s]ome of the calls in which Dobronski alleges Americo's involvement were follow-up calls, and therefore, calls for which he established a business relationship"); *cf. Dobronski v. Total Ins. Brokers, LLC*, No. 21-10035, 2021 WL 4452218, at *4 (E.D. Mich. Sept. 29, 2021) ("Because Plaintiff concedes that he engaged in conduct designed to encourage the second call, he gave implied consent to that call."). Accordingly, Plaintiff has failed to state any valid claim for relief as to Calls 2-23.

## C.   Plaintiff Fails to Allege any Plausible Basis for Holding the State Farm Defendants Directly or Vicariously Liable for the Calls.

Violations of the TCPA may support the imposition of either direct or vicarious liability. *See Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 371 (6th Cir. 2015). "[I]n the context of telemarketing telephone calls [and text messages], direct liability under the TCPA applies only to entities that initiate the phone calls." *Cunningham v. Kondaur Cap.*, No. 3:14-1574, 2014 WL 8335868, at *5 (M.D. Tenn. Nov. 19, 2014), *report and recommendation adopted,* 2015 WL 1412737 (Mar. 26, 2015). The FAC alleges that the State Farm Defendants initiated

16

only one phone call: Call 10.  As explained above, because that call was placed in response to Plaintiff's feigned interest in obtaining an insurance quote, there is no basis for any claim of direct liability against the State Farm Defendants in relation to that call.

Moreover, the facts that are alleged concerning Call 10 do not state a claim under any of the purported bases for relief: nothing is alleged indicating that an ATDS or prerecorded voice was used for the call; Plaintiff did not ask to be placed on an internal DNC list; and the Caller ID information that is alleged was correct.

With respect to vicarious liability, in certain circumstances TCPA defendants may be held vicariously liable "under common-law theories of actual authority, apparent authority, or ratification." *Keating*, 615 F. App'x at 371. Any such claims fail because Plaintiff has not met the threshold requirement of alleging facts supporting a plausible claim that the callers (supposed agents of EverQuote) were acting as agents of the State Farm Defendants at the time of the alleged calls. *See Keating*, 615 F. App'x at 373.

In any event, even if the alleged facts supported the existence of an agency relationship, Plaintiff has failed to allege facts supporting any common-law theory of vicarious liability.  *See Brown v. DirecTV, LLC,* 562 F. Supp. 3d 590, 607 (C.D. Cal. 2021) ("The mere existence of an agency relationship alone is not sufficient to establish liability."). A proper allegation of actual authority requires a showing that,

17

"at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." *Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *10 (E.D. Mich. Sept. 17, 2025) (quoting *Restatement (Third) of Agency* § 2.01 (2006)) (holding that Plaintiff failed to state a plausible claim for vicarious liability under the TCPA). "Apparent authority is the power held by an agent ... when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." *Id.* (quoting *Restatement (Third) of Agency* § 2.03 (2006)). Finally, "[r]atification occurs where the principal receives and retains the benefits of a transaction with full knowledge of all of material facts." *Id.* at *11 (quoting *Anderson v. Int'l Union, United Plant Guard Workers of Am.*, 370 F.3d 542, 556 (6th Cir. 2004)).

The FAC fails to allege any facts indicating that the State Farm Defendants said or did anything to make anyone believe that the other callers were acting on their behalf. Except for Call 24, the FAC fails to allege that the State Farm Defendants were even *mentioned* in any of those other calls. In addition, in Call 8 when "Marshall" transferred the call, he did not send it directly to one of the State Farm Defendants. Rather, he transferred it to EverQuote. This reflects the lack of any direct connection between the alleged scammers and the State Farm Defendants.

18

Moreover, Plaintiff alleges that the EverQuote recorded message played in Call 8 indicated the call "is going to be transferred to one of our trusted insurance partners." ECF 32 PageID.31 (¶ 137). This is an indication that EverQuote was providing leads to *multiple* insurers (and entities such as SAG), not just State Farm, which undercuts any suggestion that EverQuote was acting as an agent of the State Farm Defendants. *See Dobronski v. Juliasangel Mktg., LLC*, 2025 WL 2659265, at *10 ("Statements by the individual who picked up — stating that he "handle[d] calls for several groups," . . . do not "allow[ ] the court to draw the reasonable inference that the," . . . moving Defendants had conferred actual authority upon Booking Dot Com or Ascendant Holiday to perform telemarketing calls.").

Further, the alleged scammers told Plaintiff that, once the call was transferred, *he should lie to the answering party concerning how the call came about*. ECF 32 PageID.26, 28 (¶¶ 114, 122). That allegation undercuts the assertion that the alleged scammers were somehow working in concert with all of the Defendants. A more plausible inference is that EverQuote was duped into transferring a lead provided by a rogue lead generator. Finally, no ratification theory is available here because the FAC does not identify any alleged benefit obtained by the State Farm Defendants, and it fails to allege any facts indicating that they accepted a benefit with full knowledge of alleged unlawful conduct. To the contrary, the allegations concerning Call 10 suggest Shanafelt knew nothing about the scammer calls to Plaintiff. ECF

19

32 PageID.32-33 (¶ 147)). Furthermore, Plaintiff's own allegations indicate the State Farm Defendants believed that calls transferred from EverQuote were lawfully initiated: the West Insurance Agency indicated it purchases leads from EverQuote "based upon the understanding that the consumer requested an online quote," and Plaintiff alleges that, in Call 24, Mobley indicated she believed there was a lawful basis for the call—*i.e.,* that Plaintiff had "put in a written request for an insurance quote." *Id.* PageID.18, 38 (¶¶ 72, 179). Accordingly, Plaintiff's claims against the State Farm Defendants should be dismissed with prejudice.

### D. Count V Fails to State a Claim for Relief Against the State Farm Defendants.

In order to impose liability for alleged DNC violations, the TCPA requires that the plaintiff establish that he received "*more than one* telephone call within any 12-month period by or on behalf of the same entity" in violation of the DNC regulations. 47 U.S.C. § 227(c)(5)(emphasis added). Because Plaintiff fails to allege any basis for holding the State Farm Defendants directly or vicariously liable for calls made by others or for calls that Plaintiff invited, *supra*, the FAC does not identify *any* calls for which the State Farm Defendants may be liable. Accordingly, Count V fails to state a claim for relief against the State Farm Defendants.

**E.      Counts VI-IX Fail to State a Claim for Relief Against the State Farm Defendants.**

In Count VI, Plaintiff alleges a violation of 47 C.F.R. § 64.1200(d) (hereafter "Subsection d"), and in Counts VII through IX Plaintiff alleges violations of three subparagraphs of Subsection d. Plaintiff's claims are both legally without merit and factually unsupported.

Counts VII through IX should be rejected, first, because in *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 632 n. 8 (6th Cir. 2009) the Court held that the subparagraphs of Subsection d do not support multiple damages claims based upon a single call. Thus, Plaintiff's assertion of separate claims for alleged violations of the subparagraphs should be rejected.

In any event, Plaintiff has failed to allege facts setting forth a plausible claim that the State Farm Defendants violated any aspect of Subsection d. *See Dobronski v. Fam. First Life, LLC*, 2024 WL 1342668, at *14 ("Dobronski has not plausibly alleged any facts related to the maintenance or details of a written do not call policy."). Count VI alleges that Calls 1-29 violated Subsection d because Defendants allegedly failed to institute procedures for maintaining a list of persons who request not to receive calls.  However, Plaintiff does not allege that he made any request during Calls 1-23 not to be contacted. *See Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1271 (11th Cir. 2019) (noting that if called party "never asked Telecel not to call them again, it doesn't make any difference that Telecel hadn't maintained an

21

internal do-not-call list"); *Doane v. Benefytt Techs., Inc.*, No. CV 22-10510-FDS, 2023 WL 2465628, at *7 (D. Mass. Mar. 10, 2023) (holding plaintiff who had not yet made do-not-call request was not injured from defendant's alleged failure to maintain an internal do-not-call list). Moreover, to the extent Plaintiff's allegations concerning Call 24 with the West Insurance Agency can be construed as a request not to be contacted (ECF 32 PageID.38-39 (¶¶ 179-80)), the State Farm Defendants apparently *complied with that request*, as no subsequent calls from them are alleged. And because there were no further calls from the State Farm Defendants, there is no merit to Count VIII, which alleges that Calls 28-29 violated § 64.1200(d)(3) by failing to record and honor the do-not-call request Plaintiff allegedly made to EverQuote in Call 27.

Count VII alleges that Call 27 violated Subsection d because the Defendants "failed, upon demand, to provide Plaintiff with a copy of the written policy for maintaining a do-not-call list." ECF 32 PageID.50-51 (¶ 250). However, Plaintiff alleges that, in Call 27, he requested *EverQuote's* policy, not State Farm's (*id*. PageID.41 (¶ 193)), and he does not allege *any* contact with the State Farm Defendants after Call 24.[5] Accordingly, Count VII does not state a valid claim against the State Farm Defendants.

---

[5] Failure to provide a do-not-call policy is not a violation of Subsection d, although failure to provide it may support an inference that the defendant did not

22

Improperly lumping the Defendants together, Plaintiff alleges in Count IX that Calls 1-29 violated Section 64.1200(d)(4) because the callers failed to provide identifying information. ECF 32 PageID.51-52 (¶¶ 255-57). However, the allegations concerning the alleged calls with the State Farm Defendants indicate they *did* identify themselves. *Id.* PageID.31-32, 38 (¶¶ 138, 143-44, 177-78). Accordingly, like the other alleged violations of Subsection d, Count IX should be dismissed with prejudice.

### F.   Count X Should Be Dismissed Because There Is No Private Right of Action for Alleged Violations of 47 C.F.R. § 64.1601(e) and Because Plaintiff's Own Allegations Refute the Claim.

Count X seeks to recover for a claimed violation of 47 C.F.R. § 64.1601(e) based upon allegations relating to Caller ID information. This claim should be dismissed because, as decisions in this District and elsewhere have concluded, the TCPA does not afford a private right of action for an alleged violation of 47 C.F.R. § 64.1601(e). *See Dobronski v. Tobias & Assocs., Inc.*, No. 23-10331, 2024 WL 1174553, at *5 (E.D. Mich. Mar. 18, 2024); *Total Ins. Brokers, LLC*, 2021 WL 4452218, at *3 (citing cases); *but see Dobronski v. Selectquote Ins. Servs.*, 773 F. Supp. 3d 373, 380 (E.D. Mich. 2025) (holding private right of action is available). Finally, even if a private right of action is available, Plaintiff own allegations

---

have such a policy. *See Dobronski v. Ins. Supermarket Inc.*, No. 23-10149, 2025 WL 3121332, at *13 (E.D. Mich. Aug. 1, 2025).

indicate that the proper Caller ID information was displayed for the only call the State Farm Defendants made to Plaintiff—Call 10. ECF 32 PageID.32 (¶ 143). Accordingly, Count X should be dismissed with prejudice.

## G. Plaintiff's State Law Claims Fail.

Plaintiff's MHSSA claim relating to Calls 2-23 fails because, like the TCPA, that statute does not impose liability for calls that the recipient invited. Mich. Comp. Laws Ann. § 445.111(m). Furthermore, because "[a]gency law in Michigan mirrors federal law," any attempt to hold the State Farm Defendants vicariously liable under Michigan law (including the MCPA) fails for the reasons set forth above. *Dobronski v. NPS, Inc.*, No. 356617, 2022 WL 1194212, at *6 (Mich. Ct. App. Apr. 21, 2022) ("[F]or the same reasons set forth earlier, the record does not establish that NPS had authority to make unlawful calls to Dobronski on Omega's behalf."); *Mertik Maxitrol GMBH & Co. KG v. Honeywell Technologies Sarl*, No.10-12257, 2011 WL 1454067, at *4-5 (E.D. Mich. Apr. 13, 2011). Similarly, the FTSA claim should be dismissed because Florida agency principles do not support liability against the State Farm Defendants. *See Miami Dolphins, Ltd. v. Engwiller*, 410 So. 3d 685, 690 (Fla. Dist. Ct. App. 2025) (actual agency requires, among other elements, control by the principal over the alleged agents' activities, and apparent agency requires, among other elements reliance on the requests of the

24

principal). Moreover, all of Plaintiff's state law claims fail because, as declared above, Plaintiff improperly lumps all of the Defendants together.

## H.     Plaintiff's Damages Request Is Improper.

A telephone call that violates the TCPA can support, at most, two damages claims: one pursuant to Section 227(b), and one pursuant to Section 227(c). *See Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011); *Dobronski v. Ins. Supermarket Inc.*, No. 23-10149, 2025 WL 3121332, at *16 (E.D. Mich. Aug. 1, 2025) ("If Plaintiff succeeds on any of the TCPA claims, he should be permitted to recover . . . at most recovering twice per call."). Moreover, Plaintiff cannot use the Michigan or Florida "mini-TCPA" statutes to obtain double recoveries for the same conduct he relies upon for alleged TCPA violations. *See Shantell Thomas v. Elite Legal Prac. PC*, No. CV 25-10854-MWF (MAAX), 2026 WL 1048217, at *5 (C.D. Cal. Mar. 23, 2026). Accordingly, Plaintiff's request for damages many times over for each call is improper and should be dismissed.

## CONCLUSION

Based upon the foregoing, the State Farm Defendants respectfully request that Plaintiff's claims against them be dismissed with prejudice.

Dated: June 1, 2026

Respectfully submitted,

/s/ *Ariel Wilson*

25

Ariel Wilson (P84528)
RILEY SAFER HOLMES & CANCILA LLP
2723 South State Street, Suite 150
Ann Arbor, Michigan 48104
Office: 734.773.4900
awilson@rshc-law.com

James Gaughan
Jason Andrew Julien
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
Office: 312.471.8700
Fax: 312.471.8701
jgaughan@rshc-law.com
jjulien@rshc-law.com

*Attorneys for Defendants State Farm Mutual Automobile Insurance Company, Church Insurance Agency, Inc., Brian West Ins Agency, Inc., Michael David Church, Vivianna Marie Mobley, Zander Lucas Shanafelt, and Brian James West*

26

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, I caused the foregoing document to be electronically filed via the Court's CM/ECF system, which will serve notice on all counsel of record.

/s/ Ariel Wilson

27

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

MARK DOBRONSKI,

      Plaintiff

    v.

EVERQUOTE, INC., STATE FARM
MUTUAL AUTOMOBILE INSURANCE
CO., CHURCH INSURANCE AGENCY,
INC., BRIAN WEST INS AGENCY,
INC., SURETY AUTO GROUP, LLC,
d/b/a RAINBOW INSURANCE, PHILIP
BARRETO, MICHAEL DAVID
CHURCH, VIVIANNA MARIE
MOBLEY, ZANDER LUCAS
SHANAFELT, AND BRIAN JAMES
WEST

      Defendants.

No. 2:2026-cv-10916

Hon. Susan K. DeClercq
Hon. Kimberly G. Altman

---

**BRIEF FORMAT CERTIFICATION FORM**

---

    I, Ariel Wilson, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (<u>not</u> "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety (<u>not</u> in minuscript), *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

/s/ Ariel Wilson

29