UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

                Plaintiffs,                Case No. 2:26-cv-10916

v.                                   Honorable Susan K. DeClercq
                                   United States District Judge

EVERQUOTE, INC., et al.,

                Defendants.

_____/

**ORDER GRANTING DEFENDANTS PHILIP BARRETO AND SURETY AUTO GROUP LLC'S MOTION TO SET ASIDE DEFAULT (ECF No. 43), SETTING ASIDE CLERK'S ENTRIES OF DEFAULT (ECF Nos. 36; 37), AND DIRECTING DEFENDANTS BARRETO AND SURETY AUTO GROUP LLC TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

This matter is before this Court on Defendants Philip Barreto and Surety Auto Group LLC's ("Surety Auto"), motion to set aside default. ECF No. 43. As explained below, the motion will be granted, the clerk's entries of default against Barreto and Surety Auto will be set aside, and Barreto and Surety Auto will be directed to respond to Plaintiff's First Amended Complaint on or before July 31, 2026.

## I. BACKGROUND

In March 2026, Plaintiff Mark W. Dobronski sued ten Defendants alleging violations of the Telephone Consumer Protection Act (TCPA), the Michigan Home Solicitation Sales Act, the Florida Telemarketing Sales Act, and the Michigan

Consumer Protection Act. ECF No. 1. Dobronski served nine of the ten[1] Defendants between March 23 and March 31, 2026. *See* ECF Nos. 4–12.

By May 14, 2026, all but two of the Defendnats had responded to Dobronski's complaint by filing motions to dismiss. *See* ECF Nos. 28; 29. Thus, on May 27, 2026, Dobronski filed requests for clerk's entries of default against the two Defendants who had not yet responded to his complaint: Defendant Philip Barreto and Defendant Surety Auto Group, LLC ("Surety Auto"). ECF Nos. 34; 35. A clerk's entry of default was entered that day against both Barreto and Surety Auto. ECF Nos. 36; 37.

But less than three weeks later, Barreto and Surety Auto filed a joint motion to set aside the clerk's entries of default entered against them, ECF No. 43, which Dobronski opposes, largely on procedural grounds, ECF No. 44.

## II. LEGAL STANDARD

Courts "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). In assessing whether the movant has shown good cause, courts consider whether (1) culpable conduct of the defendant caused the default; (2) the defendant has meritorious defenses; and (3) the plaintiff will be prejudiced by a set-aside.

---

[1] Although Dobronski did not file a certificate of service on the docket relating to the tenth defendant—Defendant Vivianna Marie Mobley—it appears she was served in April 2026. *See* ECF No. 26 at PageID.127 ("Ms. Mobley was served on April 14, 2026.").

*Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *see also Kuhnmuench v. LivaNova PLC*, 323 F.R.D. 563, 565 (E.D. Mich. 2017). Although all three factors must be considered, the most important two are prejudice to the plaintiff and the presence of a meritorious defense. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (noting that "when a defendant has a meritorious defense and the plaintiff would not be prejudiced, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead" (internal quotations omitted)).

Notably, courts should apply an "extremely forgiving" lens when analyzing motions to set aside default entries, because within the Sixth Circuit, there is a strong preference for "resolving cases on the merits instead of on the basis of procedural missteps." *Id.* at 322 (collecting cases); *see also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011).

### III. DISCUSSION

Having considered all three factors, this Court will set aside the clerk's entries of default that were entered against Barreto and Surety Auto. ECF Nos. 36; 37.

First, Barreto and Surety Auto's conduct causing the entry of default was not culpable. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah &*

*Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986); *see also Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996). Barreto and Surety Auto explain that their failure to timely respond to Dobronski's complaint was related to their attempts to retain counsel, which they did on June 10, 2026. *See id.* at PageID.469. This explanation does not demonstrate recklessness or an intent to thwart judicial proceedings, so the first factor weighs in favor of setting aside the default.

Second, Barreto and Surety Auto claim they have a meritorious defense. "For the purposes of setting aside a clerk's entry of default, the defendant need not show a likelihood of success on the merits." *Angulo v. Serendipity Day Spa, LLC*, No. 1:23-CV-11820, 2024 WL 1758210, at *3 (E.D. Mich. Apr. 24, 2024) (citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). Instead, the defendant need only show at least one defense is "good at law" or contains "even a hint of a suggestion which, proven at trial, would constitute a complete defense." *INVST*, 815 F.2d at 398 (internal quotations omitted); *see also Thompson*, 95 F.3d at 434. The "key consideration" is whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *INVST*, 815 F.2d at 399 (internal quotations omitted). Here, Baretto and Surety Auto argue that Dobronski's claims against them should be dismissed for several potentially meritorious reasons, including failure to state a claim, lack of standing, lack of personal jurisdiction, and—as to Barreto only—lack

of personal participation in any of Dobronski's allegations. ECF No. 43 at PageID.472. Thus, the second factor weighs in favor of setting aside the default.

Third, setting aside the clerk's entries of default against Barreto and Surety Auto would not prejudice Dobronski because no default judgment has been entered and discovery has not even begun. Although Dobronski opposes Barreto and Surety Auto's motion to set aside the default on procedural grounds, *see* ECF No. 44, he is not prejudiced by Barreto and Surety Auto's failure to follow proper procedure. Thus, the third factor favors a set-aside as well.

In sum, Barreto and Surety Auto have shown good cause under Civil Rule 55(c) to set aside the Clerk's entries of default entered against them. So, their motion, ECF No. 43, will be granted, the clerk's entries of default, ECF Nos. 36; 37, will be set aside, and they will be directed to respond to Dobronski's first amended complaint, ECF No. 32.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendants Barreto and Surety Auto's Motion to Set Aside Default, ECF No. 43, is **GRANTED**.

To that end, it is **ORDERED** that the Clerk's Entries of Default entered against Barreto and Surety Auto, ECF Nos. 36; 37, are **SET ASIDE**.

Further, it is **ORDERED** that Defendants Barreto and Surety Auto are **DIRECTED** to respond to Dobronski's First Amended Complaint, ECF No. 32, **on or before July 31, 2026**.

**This is not a final order and does not close the above-captioned case.**

_/s/Susan K. DeClercq_
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 13, 2026